**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HO WAN KWOK, *et al.*, | ) | Case No. 22-50073 (JAM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | ) | |
| | ) | Adv. Proc. No. 24-05092 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZETA GLOBAL CORP., | ) | |
| | ) | |
| Defendant. | ) | **April 22, 2024** |
| | ) | |

## ANSWER

Defendant Zeta Global Corp. ("**Zeta**"), by its undersigned counsel, hereby answers the *Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers and Related Relief Pursuant to Bankruptcy Code Sections 544, 548 and 550 and New York Debtor & Creditor Law Sections 273, 274 and 276* (the "**Complaint**") filed by plaintiff Luc A. Despins, as chapter 11 trustee (the "**Trustee**") for the bankruptcy estate of Ho Wan Kwok (the "**Debtor**"), as follows:

### Response to Allegations of Complaint

#### Nature of Action

1.        The statement in paragraph 1 of the Complaint, which describes certain of the relief sought by the Trustee in this adversary proceeding, requires no responsive pleading. To the extent any responsive pleading is required, Zeta denies that the Trustee is entitled to any of the relief sought.

2.      The allegations in paragraph 2 of the Complaint are admitted in part and denied in part.  Zeta admits only that it received funds in the amount of $865,029.22 prior to February 15, 2022, from Lexington Property and Staffing Inc. and HCHK Technologies Inc.  Zeta lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 2 of the Complaint; accordingly, such allegations are denied.

3.      The allegations in paragraph 3 of the Complaint are denied.

## Jurisdiction and Venue

4.      The allegations in paragraph 4 of the Complaint are admitted.

5.      The allegations in paragraph 5 of the Complaint are admitted.

6.      The allegations in paragraph 6 of the Complaint are legal conclusions to which no response is required.  To the extent any responsive pleading is required, Zeta denies that the Trustee is entitled to any of the relief sought.

## The Parties

7.      The allegations in paragraph 7 of the Complaint are admitted.

8.      The allegations in paragraph 8 of the Complaint are admitted.

## Facts

9.      The allegations in paragraph 9 of the Complaint are admitted.

10.      The allegations in paragraph 10 of the Complaint are admitted.

11.      Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Complaint; accordingly, such allegations are denied.

12.      The allegations in paragraph 12 of the Complaint are admitted.

13.      Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint; accordingly, such allegations are denied.

14.     The allegations in paragraph 14 of the Complaint are admitted in part and denied in part.  Zeta admits only that, since his appointment, the Trustee has commenced a number of adversary proceedings.  Zeta lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 14 of the Complaint; accordingly, such allegations are denied.

15.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the Complaint; accordingly, such allegations are denied.

16.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Complaint; accordingly, such allegations are denied.

17.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Complaint; accordingly, such allegations are denied.

18.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the Complaint; accordingly, such allegations are denied.

19.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Complaint; accordingly, such allegations are denied.

20.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 20 of the Complaint; accordingly, such allegations are denied.

21.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of the Complaint; accordingly, such allegations are denied.

22.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of the Complaint; accordingly, such allegations are denied.

23.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of the Complaint; accordingly, such allegations are denied.

24.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of the Complaint; accordingly, such allegations are denied.

25.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 25 of the Complaint; accordingly, such allegations are denied.

26.     The allegations in paragraph 26 of the Complaint are denied.

27.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Complaint; accordingly, such allegations are denied.

28.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 28 of the Complaint; accordingly, such allegations are denied.

29.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 29 of the Complaint; accordingly, such allegations are denied.  The allegations in the second sentence of paragraph 29 of the Complaint are denied.

30.     The allegations in paragraph 30 of the Complaint are admitted in part and denied in part.  Zeta admits only that it received the transfers identified in Schedule A attached to the Complaint.  Zeta lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 30 of the Complaint; accordingly, such allegations are denied.

31.     Zeta lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 31 of the Complaint; accordingly, such allegations are denied.

32.     The allegations in paragraph 32 of the Complaint are admitted.

### First Claim
### (Claim to Avoid and Recover Actual Fraudulent Transfers
### Pursuant to Bankruptcy Code Sections 548(a)(1)(A) and 550(a))

33.     The statement in paragraph 33 of the Complaint requires no response.  To the extent any response is required, Zeta incorporates by reference its responses to paragraphs 1 through 32 of the Complaint.

34.     The allegations in paragraph 34 of the Complaint are denied.

35.     The allegations in paragraph 35 of the Complaint are denied.

36.     The allegations in paragraph 36 of the Complaint are denied.

**Second Claim**
**(Claim to Avoid and Recover Actual Fraudulent Transfers**
**Pursuant to N.Y. Debt. & Cred. Law Sections 273, 274 and 276,**
**and Bankruptcy Code Sections 544(b) and 550(a))**

37.     The statement in paragraph 37 of the Complaint requires no response.  To the extent any response is required, Zeta incorporates by reference its responses to paragraphs 1 through 32 of the Complaint.

38.     The allegations in paragraph 38 of the Complaint are denied.

39.     The allegations in paragraph 39 of the Complaint are denied.

40.     The allegations in paragraph 40 of the Complaint are denied.

41.     To the extent any allegation in the Complaint has not been specifically admitted or denied, including without limitation any allegation in the introductory paragraph and in the "Prayer for Relief" of the Complaint, it is hereby denied.

**General Denial and Defenses**

Zeta generally denies any liability to the Trustee.  In addition, without admitting that it bears the burden of proof, persuasion or production with respect to any issue, Zeta asserts the following defenses:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

The Trustee has failed to comply with the standard for pleading fraud set forth in Federal Rule of Civil Procedure 9(b), made applicable to this adversary proceeding by Federal Rule of

Bankruptcy Procedure 7009, by stating with sufficient particularity the circumstances constituting the alleged fraud.  Among other pleading deficiencies, the Trustee has failed to state with sufficient particularity how the transfers to Zeta furthered the alleged fraud.

### Third Defense

The transfers identified in the Complaint may not be avoided or recovered because they were not made with actual intent to hinder, delay or defraud creditors of the Debtor.

### Fourth Defense

Zeta is an innocent vendor that provided services at market rates.  Zeta acted at all times reasonably, in good faith and in accordance with its contractual and legal obligations.

### Fifth Defense

The transfers identified in the Complaint may not be avoided or recovered because Zeta took such transfers for value and in good faith.  Zeta had no knowledge of any fraud, nor did it have reason to know of any fraud.  Zeta did not know facts that would have prompted a reasonable person in its position to conduct further inquiry into whether there was any fraudulent purpose behind the transfers it received.  Further, even if it is assumed that Zeta had been on inquiry notice of a possible fraudulent purpose behind the transfers it received, a diligent inquiry by Zeta would not have discovered such fraudulent purpose.

### Sixth Defense

The claims asserted in Count I of the Complaint (*i.e.*, claims arising under Sections 548(a)(1)(A) and 550(a) of the Bankruptcy Code) are barred by Section 548(c) of the Bankruptcy Code.

### Seventh Defense

The claims asserted in Count II of the Complaint (*i.e.*, claims arising under Sections 273, 274 and 276 of the New York Debtor and Credit Law and Sections 544(b) and 550(a) of the Bankruptcy Code) are barred by Section 277(a) of the New York Debtor and Creditor Law.

### Eighth Defense

The claims asserted in the Complaint are barred by the doctrines of estoppel, *in pari delicto* and unclean hands.

### Ninth Defense

The Trustee is not entitled to any award of pre-judgment interest under the facts and equities of this case.

### Tenth Defense

To the extent any amount is recovered, Zeta reserves the right to assert a claim arising from such recovery under Section 502(h) of the Bankruptcy Code.

### <u>Statement Pursuant to Federal Rule of Bankruptcy Procedure 7012(b)</u>

Zeta does not consent to the entry of final orders or judgment by this Court in this adversary proceeding if it is later determined that this Court, absent consent of the parties, does not have authority to enter final orders or judgment consistent with Article III of the United States Constitution.

### <u>Reservation of Rights</u>

Zeta reserves the right to amend this answer as additional facts are obtained through further investigation and discovery.

### Request for Relief

WHEREFORE, Zeta respectfully requests that the Court (i) enter judgment in favor of Zeta and against the Trustee, (ii) award Zeta its attorneys' fees, costs and expenses, and (iii) grant Zeta such other and further relief as is just and appropriate under the circumstances.

Dated: New York, New York
   April 22, 2024

DLA PIPER LLP (US)


By:  */s/ John J. Clarke, Jr.*
   John J. Clarke, Jr. (ct31251)
   john.clarke@us.dlapiper.com

1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

   and

C. Kevin Kobbe
kevin.kobbe@us.dlapiper.com
650 South Exeter Street, Suite 1100
Baltimore, Maryland 21202
(410) 580-4189

*Counsel for Zeta Global Corp.*

## CERTIFICATE OF SERVICE

I certify that, on April 22, 2024, I caused the foregoing *Answer* to be filed using the Court's case management/electronic filing (CM/ECF) system, which will cause notice of the filing to be provided electronically to any party that has appeared, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ John J. Clarke, Jr.*

John J. Clarke, Jr. (ct31251)